UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



___

**WARDIS AGUILAR-VILLALOBOS**
**A#205-521-977**                                           **24-CV-1110 JLS**

*Petitioner,*

- v. -

**DIRECTOR BROPHY, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF BUFFALO FIELD OFFICE OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, DIRECTOR FREDEN, IN HIS OFFICIAL CAPACITY AS OFFICIAL IN CHARGE OF BUFFALLO FEDERAL DETENTION FACILITY.**

*Respondent.*
___

# OPPOSITION TO MOTION TO DISMISS.
___

# "PRO-SE"

## STATEMENT OF FACTS

Petitioner Wardis Aguilar is an opposition of the motion to dismiss the petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241 do it to the facts as fallow. Since petitioner entered the United States on or about 11/2006 then left briefly to El Salvador in 2012 came back proximally 4 months later in the same year (2012). Petitioner got arrested on 08/29/2012 by the Border patrol.
On 09/17/2012 petitioner was interviewed by USCIS pertaining to petitioner credible fear claim. On 10/13/2012 USCIS issued a positive credible fear decision. On 10/13/12 USCIS served petitioner with a form I-862 Notice To Appear under section *212(a)(7)(A)(i)(I) of the INA* as (" **an alien present in the United States who was not admitted of parole**").
ON the NTA petitioner is being charge as being an alien present in the United States who has not been admitted or paroled.
On 10/19/2012 ICE issued petitioner a $7,500 custody bond, and on 10/29/2012 petitioner bond out.
After petitioner released from DHS custody and briefly moved to California, before moving back across the country and setting in New York.
Upon arrival petitioner obtained employment in the Long Island area, laboring in construction. Petitioner Also enter into a relationship with Sintia Aguilar a U.S. citizen, and fathered a child with her, a son who was delivery on 11/16/14 in Huntington New York. On May 2016, petitioner and Ms. Aguilar were married in Huntington New York.
Giving to petitioner relocation to New York, petitioner requested and received a change of venue to the immigration in New York, New York.
However, after petitioner 2018 arrest in Suffolk County followed by petitioner conviction for attempt criminal possession of a weapon and ensuing incarceration for 2.5 years, petitioner was taken in to the immigration custody at the Buffalo Federal Detention Facility on 06/02/2022. (See EX.A)

# EXHAUSTION OF REMEDIES

There is no statutory exhaustion requirement for a petition challenging immigration detention. *See Araujo-Cortes v. Shanahan, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014)*. I am not required to exhaust administrative avenues to challenge my detention because the statutory authority subjects me to mandatory detention and, as such, does not provide me with any meaningful administrative options with which to challenge my detention. Se*e 8 U.S.C. § 1226(c); see also Cave v. East Meadow Union Free Sch. Dist., 514 F.3d 240, 249 (2d Cir. 2008)* ("The exhaustion requirement is excused when exhaustion would be futile because the administrative procedures do not provide an adequate remedy.") *(citing Honig v. Doe, 484 U.S. 305, 327 (1988))*.

## Petitioner clearly states a claim and the writ of Habeas Corpus should be granted.

Petitioner was charged in the NTA under section 212(a)(7)(A)(i)(I), as **"as an alien present in the United States who was not admitted of parole"** *(On Keving Avendano Bonilla v. Thomas Decker 22-cv-4501 (ER)U.S.D.C. for the Souther Distric of N.Y. served an NTA which stated that he was removable pursuant to 8 U.S.C. 1226(c) as an alien present in the united States whithot being admitted or parole)*, petitioner was not charged as "an arriving alien". (See NTA EX.B)

On May 06, 2022 petitioner was convicted for attempted possession of a weapon in violation of *NYPL. 265.03 sub.03 a class D felony*. This conviction render petitioner to mandatory detention under *8 U.S.C. § 1226(c)*. Petitioner does not dispute that he is under a mandatory detention provision, but it should be under 1226(c) not 1225(b), and even if it was the case petitioners also challenges his prolonged custodial confinement without at least an individualized inquiry into whether or not his imprisonment is even necessary for the protection of the public and to ensure his appearance at removal proceedings. While it is true that

petitioner prior conviction may be relevant to the inquiry, it cannot be reasonably contend, without at least any individualize consideration, that it would lead to a categorical presumption of flight risk or dangerousness at least for due purposes. In short petitioner states that all three Mathews factor weigh in petitioner favor and petitioner should be release or at least granted a bond hearing where the government shall bear the burden of proving by clear and convincing evidence that petitioner continued detention is warranted.
Petitioner contends that his detention for over six months (31 months) has become unreasonably prolonged and therefore constitute a violation of procedural due process under the Fifth Amendment of the United States Constitution.

    The Fifth Amendments Due Process Clause forbids the federal government from depriving any "person... of... liberty... without due process of law. U.S Const. amend. V. The Supreme Court "has held that the Due Process Clause protects individuals against two types of government action. " *United States v. Salerno, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)*. "So-called substantive due process prevent the government from engaging in conduct that shocks the conscience,... or interferes with rights implicit in the concept of ordered liberty". "when government actions depriving a person of life , liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner." "This requirement has traditionally been referred to as 'procedural' due process."
"Freedom from imprisonment from government custody, detention or the forms of physical restraint-lies at the heart of the liberty that Clause protects." *Zadyvas v. Davies, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653(2001)*. "Government detention violates that Clause unless the detention is ordered in a criminal proceeding with adequate procedural protections... or, in certain special and narrow non punitive circumstances,... where a special justification, such as harm - threatening mental illness, outweighs the individuals constitutionally protected interest in avoiding physical restraint." Other than those unique, special, and narrow circumstances, "only a jury acting on proof beyond a reasonable doubt, may take a persons liberty. That promise stands as one of the Constitutions most vital protections against arbitrary government." *United States v. Haymond,139 S. Ct. 2369, 2373, 204 L. Ed. 2d 897 (2009)*.

    "[Non citizens], even [non citizens] whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth... Amendment." *Plyler v. Doe, 457 U.S. 202, 210, 102 S. Ct. 2382, 72 L. Ed 2d 786 (1982); see Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212, 73 S. Ct. 625, 97 L. Ed. 956 (1953)* (It is true that [non citizens] who have on

passed through our gates , even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.'). At the same time, Congress has "broad power over naturalization an immigration permitting it to make rules that would be unacceptable if applied to citizens." *Demorev. Kim, 538, U.S. 510, 521, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) ( quating Mathews V. Diaz, 426 U.S. 67, 79-80, 96 S. Ct. 1883, 48 L. Ed 2d 478 (1976))*.

 Petitioner challenges the procedural safeguards that apply to his continued detention. The Due Process Clause is not offended by the mandatory detention of non citizens for the "brief period necessary for their removal proceedings" *Demore, 538 U.S. at 513*, but may be violated by detention beyond that "brief" period, depending on the balance of the individuals and government interest. Petitioner believes the *Sigal v. Searls No. 1:18-cv-00389 EAW, 2018 WL 5831326, at \*6 (W.D.N.Y. Nov.7, 2018)* might apply to him.

 The government in their arguments stated that petitioner has not Due Process right to challenge his continued detention because is deemed to be an **"arriving alien"**, (*see government motion to dismiss on page 2*.) but the NTA shows the petitioner was charged as an "**alien present in the United States who has not been admitted or parole**" so which one it is an arriving alien or an alien present in the United States who has not been admitted or parole like the NTA stated.. Government on pg.5 states that petitioner has not right to be free from immigration detention. Pg. 6 stated that as an arriving alien, the due process clause does not apply equally to Petitioner and the Petitioner has been provided all due process to which he is entitled as "an arriving alien". This contradict the Fifth Amendment and the NTA the mark Petitioner as "**an alien present in the United States who has not been admitted or parole**".

## IN CONCLUTION

 [A]liens... have a substantive due process right to be free of arbitrary confinement pending deportation proceedings, *Doherty v. Thornburgh, 943 F.2d 204, 209 (1991)*. Petitioner case started in 2012 and there is good reason to believe that there is not significant likelihood of removal in the reasonably foreseeable future (petitioner has a Stay granted in the Second Circuit Court of Appeals and petitioner will not withdraw his asylum application because he face persecution, torture and even death at the hand of El Salvador government and petitioner case will prevail in the Second Circuit Court of Appeals ), the government must respond with evidence sufficient to rebut that showing. *Zadvydas, 533 U.S. at 701*.

Petitioner believes that the Fifth Amendment protect him after petitioner has lived most of his life in this Great Country where he fathered a child, got married, worked and paid taxes like the citizens of this Great Country. Petitioner request to be release or at minimum be afforded with a bond hearing where the government bears the burden of proof by clear and convincing evidence that petitioner is a fligh risk or danger to the community.

   Petitioner is not a lawyer neither has experience with the immigration Law but knows that **The Honorable John L. Sinatra, Jr**. is a fair Judge and will apply the law fairly and grant petitioner with the relief he is entitle to, due to his prolonged detention.

   For all the foregoing reasons, this Court should grant Petitioner relief.

*[Signature: Aaron A. Stahl, 1/24/25]*

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

Respectfully Submitted,

*[Signature]*

Buffalo Federal Detention Facility

4250 Federal Drive

Batavia, New York 14020

DATED: 1/24/25

Batavia, NY

PETITIONER RESERVE THE RIGHT TO SUBMIT A REPLY.

# EX.A

Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
250 Delaware Avenue, Floor 7
Buffalo, NY 14202



U.S. Immigration
and Customs
Enforcement

AGUILAR-Villalobos, Wardis Omar
c/o Immigration and Customs Enforcement
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

A205 521 977

# Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

As explained below, after such review, ICE has determined to maintain your custody because:

- You have not demonstrated that, if released, you will not:

  - Pose a significant risk of flight pending your removal from the United States.

  - Pose a danger to the community, to the safety of other persons, or to property.

ICE has made such determination based upon:

ICE records indicate that you are a native and citizen of El Salvador who entered the United States on an unknown date, and an unknown location, without having been admitted or paroled after inspection by a U.S. immigration officer.

On August 29, 2012, the United States Border Patrol (USBP) arrested you near Eagle Pass, TX, and served you a Form I-860, Notice and Order of Expedited Removal, pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA). At this time, you made a credible fear claim of returning to your country. The USBP detained you at the Maverick County Detention Center in Eagle Pass, TX.

On September 7, 2012, the USBP transferred custody of you to Enforcement and Removal Operations (ERO) San Antonio, who detained you at the Val Verde Detention Center in Del Rio, TX.

On September 11, 2012, ERO San Antonio transferred you to the South Texas Processing Center in Pearsall, TX.

www.ice.gov

**Decision to Continue Detention**
AGUILAR-Villalobos, Wardis Omar, A205 521 977
Page 2

On September 17, 2012, the U.S. Citizenship and Immigration Services (USCIS) interviewed you pertaining to your credible fear claim.

On October 13, 2012, USCIS issued a positive credible fear decision. USCIS served you a Form I-862, Notice to Appear, pursuant to section 212(a)(7)(A)(i)(I) of the INA.

On October 19, 2012, ICE issued you a $7,500 custody bond.

On October 29, 2012, you bonded out of ICE custody.

On September 27, 2018, the Suffolk County Police Department in Riverhead, NY, arrested you for conspiracy in the fourth degree.

On October 1, 2018, ERO New York encountered you while incarcerated at the Suffolk County Jail in Riverhead, NY.

On January 14, 2019, ERO New York arrested you pursuant to a Form I-200, Warrant of Arrest, upon your release from the Suffolk County Jail, and detained you in ICE custody at the Bergen County Jail in Hackensack, NJ.

On June 5, 2019, ERO New York turned you over to the Suffolk County Sheriff's Office in Riverhead, NY.

On July 12, 2019, the Suffolk County Court in Riverhead, NY, convicted you of attempted criminal possession of a weapon and sentenced you to thirty months incarceration.

On June 2, 2022, ERO Buffalo arrested you upon your release from the New York State Department of Corrections and Community Services (NYSDOCCS) and detained you in ICE custody at the Buffalo Federal Detention Facility in Batavia, NY, pending the outcome of removal proceedings.

On February 26, 2023, an immigration judge (IJ) ordered you removed to El Salvador. You reserved appeal.

On March 13, 2023, you filed a case appeal with the Board of Immigration Appeals (BIA).

On August 1, 2023, the BIA dismissed your case appeal.

On August 10, 2023, you filed a Petition for Review (PFR) with a motion for a stay of removal with the United States Court of Appeals for the Second Circuit. This PFR is still pending.

**Decision to Continue Detention**
AGUILAR-Villalobos, Wardis Omar, A205 521 977
Page 3

You entered the United States without proper legal documents or a valid entry document and admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry. You have also been identified as a member of the MS-13 gang and convicted of a weapons offense. You have not provided ICE with information regarding his family in the United States, equities in the community, non-governmental sponsors or job prospects. ICE is not confident that you would abide by the conditions of release and, as such, believes that you pose a risk of flight and a danger to the community.

Based on the above, you are to remain in ICE custody pending your removal from the United States as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

If you have not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

   To assist in the ERO Removal Division custody review, you will be afforded a personal interview. You and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any, will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview date. This interview may be in person or through a video teleconference. If ERO needs to change the date of the interview, ERO will provide notice to you and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any.

   You may be accompanied during the interview by a person of your choice, subject to security requirements at the detention facility, as long as this person is able to attend the interview at the scheduled time.

   You may submit any additional documentation in English you wish to be considered in support of your release at the time of the interview or via mail service up to five business days prior to the scheduled time of your interview to the following address:

  Buffalo Federal Detention Facility
  4250 Federal Drive
  Batavia, NY 14020

**Decision to Continue Detention**
AGUILAR-Villalobos, Wardis Omar, A205 521 977
Page 4

  Such documentation should contain a cover letter indicating that the material is submitted in support of your Post Order Custody Review personal interview. An attorney or other person may submit materials on your behalf.

  You are required to complete the below information.

**I do_____do not_____ want a personal interview.**

**If you do want an interview, please check the appropriate box(es) below:**

☐ Check this box if you need an interpreter for your interview.
  Language/Dialect: _____

☐ I will be assisted at this interview by a representative of my own choosing.

  Name:_____

  If your representative has not filed a G-28, Notice of Entry of Appearance, on your behalf, you are responsible for notifying any other person you have selected to assist you of the date, time, and location of the interview. The representative must be at least 18 years of age.

You will be sent a separate Notice to Alien of Interview for Review of Custody Status approximately 30 days before the interview is scheduled. If you wish to request additional time to prepare for the interview, you must notify your deportation officer within five business days of receipt of the Notice of Interview. If ERO agrees to postpone the interview at your request, you will be deemed to have waived its completion prior to jurisdiction over your case transferring to the ERO Removal Division.

You will be notified of the decision in your case when the custody review has been concluded by the ERO Removal Division.

_____ (A)DFO_____   NOV 17 2023
Signature of Field Office Director, ERO/Designated Representative   Date

# EX.B

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

In the Matter of:

File No: 205 521 977

Respondent: WARDIS OMAR AGUILAR-VILLALOBOS _____ currently residing at

STDC, 566 Veterans Dr., Pearsall, TX 78061 _____
 (Number, street, city and ZIP code)                                  (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.  226(a)

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1) You are not a citizen or national of the United States.
2) You are a native of El Salvador and a citizen of El Salvador.
3) You entered the United States at or near Eagle Pass, TX on 8/29/2012.
4) You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document.
5) You were not then admitted or paroled after inspection by an immigration officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act(Act), as amended, as immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

☒ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:     ☐ 8CFR 208.30 (f)(2)    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

San Antonio EOIR, 800 Dolorosa Street, Suite 300, San Antonio, TX 78207
(Complete Address of Immigration Court, Including Room Number, if any)

on **To Be Determined** at **To Be Determined** to show why you should not be removed from the United States based on the
  (Date)              (Time)

charge(s) set forth above. _____ Supervisory Asylum Officer
                          (Signature and Title of Issuing Officer)

Date: 10-13-12                                Houston, TX
                                              (City and State)

DHS Form I-862 (5/11)         See reverse for important information              Page 1 of

# CERTIFICATE OF SERVICE

I, hereby certify that on January 24, 2025. I caused to be served a true copy of the Opposition to motion to dismiss.

One copy of the above documents was addressed and mailed to:

X   By sending via USPS First Class mail to:

The Honorable John L. Sinatra, Jr.
United States District Court Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202


Field Officer Director for Buffalo area
Thomas Brophy

Adam A. Khalil
Assistant United States Attorney
100 States Street, Suit 500
Rochester, New York 14614


I certify under the penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Aaron A. Stahl
1/24/25

Respectfully submitted,

/s/ [signature]

Batavia, NY 14020
01/24/2025

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

CC: