

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

*100 State Street, Suite 500*  *(585) 263-6760*
*Rochester, New York 14614*  *fax (585) 399-3920*
  *Writer's Direct: (585) 399-3979*
  *Adam.Khalil@usdoj.gov*

January 31, 2025

The Honorable John L. Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

      Re:   <u>Villalobos v. Brophy</u>
             24-CV-01110

Dear Judge Sinatra:

      Please allow this letter to serve as the supplemental reply ordered by this Court (ECF No. 9).

      The "arriving alien" box was correctly not checked on Petitioner's Notice to Appear. An arriving alien is defined as an applicant for admission into the United States at a port-of-entry. 8 C.F.R. § 1001.1(q). Petitioner did not present himself at a port-of-entry, and is thus not an arriving alien.

      Instead, Petitioner unlawfully crossed the border and was apprehended within 100 miles of the United States border, and within 14 days of his unlawful entry. Thus, the checkbox stating that he was "an alien present in the United States who has not been admitted or paroled" was correctly checked, and was and is the correct description of Petitioner.

      Arriving aliens are detained pursuant to 8 U.S.C. § 1225(b), which relates specifically to applicants for admission and provides for their expedited removal. However, § 1225(b)(1)(a)(iii) allows for the application of § 1225(b) to "certain other aliens", in addition to arriving aliens. This term—"certain other alien"—is probably the best descriptor for Petitioner. But for the expansion allowed under this category, Petitioner would be detained pursuant to § 1226(a).

      As noted in the Respondents' original moving papers, albeit perhaps not as clearly as described above, the Department of Homeland Security expanded the use of § 1225(b) to include any individual apprehended within 14 days of their unlawful entry and 100 miles of the United States border. ECF No. 4-3 at pg. 4. Accordingly, Petitioner was detained pursuant to § 1225(b) and subject to the expedited removal process contemplated in that

statute. This is born out by the language in the Notice to Appear identifying that the Notice was only issued after an asylum officer found that Petitioner had demonstrated a credible fear of prosecution or torture. ECF No. 4-2 at pg. 3. Section 1225(b) is the only section of the Immigration and Nationality Act that references such a process. *Compare* 8 U.S.C. § 1225(b)(1)(A)(ii) and (B) (detailing claims of asylum and interviews regarding same) *with* 8 U.S.C. § 1226 (containing no provisions regarding asylum at all).

For Chief Judge Wolford's description of how this admittedly complicated statutory framework operates, I would refer the Court to her explanation in *St. Charles v. Barr*, 514 F. Supp. 3d 570, 576 (W.D.N.Y. 2021) ("In other words, aliens who unlawfully enter the United States and are detained within 14 days of entry and within 100 miles of the border are treated the same as 'arriving aliens' under the current statutory and regulatory scheme.").

I apologize for any references to Petitioner as an arriving alien and the lack of clarity in my papers—I should have made clear that Petitioner is only *treated the same as* an arriving alien, and is detained under the statute governing arriving aliens, but only because of the "certain other aliens" expansion exercised by the Department of Homeland Security. But for this expansionary clause, Petitioner would have been detained pursuant to § 1226(a). As it stands, he is detained pursuant to § 1225(b) and has no procedural due process rights.

Respectfully submitted,

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *(signature)*
ADAM A. KHALIL
Assistant United States Attorney

2